CHARLES A. SMITH, Respondent, *v.* JAMES A. COLE, Appellant.

Where a deed to two or more grantees is so delivered and accepted as to be operative as a grant to all, one of them having the deed in possession has no right to refuse to permit it to be recorded, and in case of such refusal, an action is maintainable against him on behalf of another of the grantees to compel a delivery of the deed to the proper officer for record.

(Argued April 16, 1888; decided June 5, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made February 11, 1886, which affirmed a judgment in favor of plaintiff entered upon the report of a referee. (Reported below, 39 Hun, 248.)

This action was brought to compel the defendant to produce and deliver to the clerk of Saratoga county for record a deed of real estate situate in that county.

The referee found, in substance, among other things, that in August, 1872, John O. and Richard Lyon entered into an agreement in writing with defendants, William A. Smith and Thomas H. Rooney, whereby the former agreed to convey to the latter certain premises situate in the county of Saratoga; that defendant subsequently acquired the interest of Rooney and transferred an interest to various other parties, whose rights and interests were recognized and acquiesced in by the vendor, and that plaintiff succeeded to the interest of Smith. That in June, 1873, a deed of the premises was executed by said vendors to the said parties in interest, which was about the day of its date delivered to defendant, who has ever since held and retained the same, and has not returned or offered to return it, and that said deed was duly delivered and accepted at about its date. That the same has not been recorded and that defendant, upon request, refused to deliver it up for record or to have it recorded himself.

Further facts appear in the opinion.

*Esek Cowen* for appellant. The referee erred in disregarding the testimony of the defendant, and holding that there was an acceptance of the deed. (*Brackett* v. *Barney,* 28 N. Y. 333; *Wohlfahrt* v. *Beckert,* 92 id. 490; *Kavanaugh* v. *Wilson,* 70 id. 177.) The mere fact that the plaintiff, who testified to important particulars, was interested was unimportant, in view of the fact that there was no conflict in the evidence, or any thing or circumstance from which an inference against the facts testified to by him could be drawn. (*Kelly* v. *Burroughs,* 102 N. Y. 93.)

*Charles M. Davison* for respondent. The want of a record does not avoid the deed; it is good as between the parties and to all persons who have actual notice that such an instrument has been executed and delivered. (1 R. S. 756.) To give this court jurisdiction, the title itself must be brought in question. (*Nichols* v. *Voorhis,* 74 N. Y. 29; *Wheeler* v. *Scofield,* 67 id. 315; *Rodgers* v. *Village of Sandy Hill,* 94 id. 638.) The plaintiff had clearly rights in said deed, which nothing but a compliance with the recording act could protect. (1 R. S. 756; McCall on Real Property, 209, 212.) While the right of a tenant in common to sue his co-tenant is greatly restricted, and no action will lie by the one against the other for the "personal possession" of their common evidence of title, yet, as the plaintiff has rights in said deed to protect, and suffers loss by reason of defendant's refusal to permit the same to be recorded, equity relieves the plaintiff from the stern rule of the law, and gives, whenever there is a wrong, a remedy. (Broom's Legal Maxims, 130.) The referee having, from the conflict of evidence, found, as a fact, that the paper in question was a deed " duly executed, acknowledged and delivered," and this finding having been affirmed at the General Term, the issue is determined, and the same is removed from the consideration and jurisdiction of this court. (Code of Civil Procedure, § 1337.) It cannot be insisted that it is necessary to a complete determination of the issues presented by the pleadings that all the grantees in said deed should be made parties to this

action. (*Robertson* v. *Johnson*, 58 N. Y. 616.) Tenants in common have unity of possession in the property conveyed, although a several and distinct title, hence a delivery to one is a delivery to all, and an acceptance by one is acceptance by all. (McCall Law of Real Property, 135, 236.)

FINCH, J. If the deed delivered by Lyon was so delivered and accepted as to become operative as a grant to all the grantees, or to the plaintiff alone in respect to his share or proportion, then the defendant has no right because he happens to be in possession of the deed to refuse to permit it to be recorded. In that event the right of the plaintiff to protect his title by a record of its evidence would be indisputable, and the defendant be wholly in the wrong in withholding the deed to prevent such record.

But the debate on this appeal goes back of that assumption and questions it. The referee has found as a fact that the deed was delivered to the defendant and accepted by him. The learned counsel for the appellant challenges that finding, insisting that the testimony of the defendant, that he refused to accept, is wholly uncontradicted, and should have been taken as the truth ; and that, although he was a party and interested, there were no circumstances justifying a contrary inference. It is at this point that we feel constrained to begin our difference with the appellant. More than ten years have elapsed since the deed was delivered ; nobody has offered to return it or tendered it back to the grantors; payments of purchase-money have been made without complaint of the sufficiency of the conveyance ; and, what seems to me quite important, none of the grantees have ever demanded of the grantor any other conveyance of the property. It is, to say the least, quite strange and unnatural that the grantees in this deed, if they refused its acceptance, should, for ten years, continue to pay for the property and complete those payments and never once demand the deed to which the contract gave them a right. Such conduct is scarcely explicable except upon the theory that they already had a deed with which they were satisfied.

The attendant circumstances, therefore, did admit of inferences hostile to the defendant's evidence, which it was the duty of the referee to consider and weigh, and made the question one of fact which we are not permitted to review.

We must assume, therefore, that the defendant accepted the deed. The plaintiff has also accepted it on his part, and the case comes back to the assumption with which we started, that one grantee of an effective and operative deed cannot, as against another, prevent its record upon that other's demand, unless there is force in another position taken by the appellant which, at least, requires deliberate reflection. It is argued that a grantor who has contracted to convey the whole of the land or the whole of his interest to several grantees as co-tenants, although in unequal proportions, and delivers a deed to one of them covering the whole property or interest, must be presumed, unless some special understanding to the contrary is disclosed, to have delivered the deed as a conveyance to all, and for acceptance by all, and, unless all accept, there is no delivery, since that delivery is to all or none. Otherwise, it is argued, one who sells the whole land to several, although they take in different proportions, may find himself conveying to one while his deed is rejected by others, and his one sale be broken into numerous fragments. I am impressed with the suggestion as quite reasonable and just, and can easily imagine a case in which its application might fairly be demanded; but its bearing upon the present controversy depends on another question of fact. The proof that any one of the grantees rejected the deed and refused to accept it comes wholly from the defendant as a witness; the referee has found, as a fact, that " the deed was duly and legally delivered and accepted; " and there was neither finding nor request to find that the acceptance of the deed was refused by some grantee other than defendant. In the absence of such a finding, the testimony of the defendant that one of the grantees refused to accept the deed is more or less contradicted by adverse inferences to which the facts give rise. No such grantee ever gave notice to the grantors of a refusal, or demanded another and different deed. All

remained silent and uncomplaining for more than ten years. The grantors had a right to infer that the deed delivered for all had been accepted by all. The foundation, therefore, upon which the argument rests is in dispute, has not been found as a fact or even requested to be found. And so we cannot assume it or rest an argument upon it. If the question had gone to the referee, the same inferences and modes of reasoning which led him to find, against the defendant's testimony, that he accepted the deed, would lead him, also against the defendant's testimony, to find 'that the grantee, Heacock, accepted it as well. The general finding of the referee of due and legal delivery and acceptance fairly means delivery to all and acceptance by all. We are unable to construe it otherwise or to deny that the circumstances were such as to warrant inferences contradictory of the defendant's testimony, and so the conclusion of the referee must govern. This deed, according to defendant's statement, was shown to all the grantees, and if they determined not to accept it the further fact that having no deed they paid up the purchase-money and never demanded another is incomprehensible. Whether or not the conclusion of the referee should have made the circumstances outweigh the evidence of the party is a question we cannot consider. He did do so, and it is our duty to say that the evidence he disbelieved was not uncontradicted.

The judgment should be affirmed, with costs.

All concur

Judgment affirmed.